The Chief Justice
delivered the opinion of the Court:
This is an appeal from the Equity Court. It is alleged in the original bill that on February 9, 1874, Thomas K. Raymond obtained a judgment against the complainant for five thousand dollars, and on May 14, 1874, assigned the same to Stephen T. Wygant; that on the twenty-third day *17 of February, 1878, Wygant was .duly adjudged a bankrupt by the District Court of the United States for the southern district of New York; that Wygant thereafter duly surrendered his property, the said judgment being expressly mentioned in his schedule of assets; that thereafter Henry T. Godet, of the city of New York, was duly chosen assigneein bankruptcy and qualified as such, and that all the assets of the said Wygant passed by operation of law to the said assignee; that the estate of the said bankrupt has never been settled; that the said judgment was the principal asset passing as aforesaid and that claims largely in excess of the value of the assets were duly proven and allowed against the estate of said bankrupt. The complainant filed as an exhibit to his bill a duly authenticated transcript of such bankruptcy proceedings.
It is further alleged that the defendant was avvare of the facts aforesaid, but for the purpose of harassing the complainant, and to put him to trouble and expense to the end that complainant might be induced to pay such judgment, or a part thereof, and relying upon the complainant’s ignorance of such bankruptcy proceedings, on the twelfth day of January, 1886, applied by her petition in writing, to the justice holding a special term of this court for probate business, and by representing that such judgment was an asset belonging to the estate of said Stephen T. Wygant, who had died in the meantime, and that it was of little or no value, obtained letters testamentary upon giving a nominal bond; that defendant on the first day of February, 1886, caused a suggestion of the death of the said Stephen T. Wygant to be made in the said Circuit Court, and the issuance of a writ of scire facias by the clerk, and a return thereof by the marshal of nihil, all on the same day; defendant on the fourth day of said month of February caused an alias writ -of scire facias to be issued to the marshal and returned with the like endorsement of nihil; that on the third day of March, 1886, the defendant obtained a fiat from the said Circuit Court; that during all this time the com *18 plainant was a resident of the said District, but neither of said writs was served upon him, nor any actual notice received by him thereof, nor of the proceedings in probate jurisdiction, nor on the law side, until long after they had taken place; that as soon as he had received casual notice lie applied by his motion in writing to have the fiat aforesaid set aside, etc., to the said Circuit Court, but- said court denied the motion for lack of power to act from lapse of timé, but preserved his right to proceed in equity, and he thereupon began this suit; that defendant in order to further carry out the design aforesaid, began her suit upon said judgment in the Supreme Court of the city of New York, on to wit, December 28, 1885. The complainant prays for process and injunctions, provisional and final, against the enforcement of said judgment by defendant; also that such letters testamentary be declared void and said fiat invalid, and for general relief.
The executrix demurred to the bill, the demurrer- was sustained with leave to amend, and complainant amended by naming Hemy T. Godet, assignee in bankruptcy of said Wygant, as a defendant, and’by charging that on March 3, 1878, the Register in bankruptcy, by due authority of law, made and executed and delivered to said Henry T. Godet an assignment in writing of all the estate, real and personal, of said Stephen T. Wygant, including what he owned or was entitled to on February 16, 1878, except such property as was exempt by law; that said Godet delivered said assignment to his attorneys, Ely and Smith of New York, and that said Smith yet retains said assignment and is one of the legal advisers of defendant, Grace Wygant. He attaches a correct copy of said assignment, marked exhibit “A.” He also says that at the time said writs of scire facias issued to revive said judgment, complainant was a resident of the District of Columbia.
The amended bill was also demurred to and the cause certified upon that demurrer to the General Term. The demurrer was overruled by the General Term and the *19 opinion reported in 6th Mackey, 447. It was held substantially that under the averments of the bill, the acts of the defendant Wygant were fraudulent- with respect to the rights of the complainant; that the complainant even if he paid the judgment would still be liable to the assignee in bankruptcy, and it would therefore be manifestly unjust to him to permit the defendant to enforce the judgment; that he apparently had a good defence to the proceedings in scire facias, being the same facts stated in the bill, which he might have shown in that proceeding had he received timely notice thereof.
The cause was remanded for further proceedings, whereupon the defendant Wygant filed her answer, in which she says that she has no knowledge, except from hearsay, of any proceedings in bankruptcy against her late husband, Stephen T. Wygant, but she believes there were such proceedings ; that she had always believed and still believes and so avers that there has not been any such proceeding as to divest her or her testator’s estate of the legal or equitable title to the judgment against Brown. She does not therefore admit any of the allegations concerning said bankruptcy proceedings, but demands proof thereof. She understood and yet believes the bankruptcy proceedings were finally disposed of, but how they were ended she has never known; she knows nothing of the alleged mention of said judgment upon any schedule i-n any bankruptcy proceedings, nor of the claims allowed or disallowed, and has no knowledge that any of said claimants are dissatisfied with said proceedings. She denies that Mr. Smith, of Ely and Smith, is or ever was her legal adviser.
She admits that she obtained letters testamentary, but says she did so for the purpose of keeping alive said judgment that was about to become barred by limitation, and not because it was of any material present value. She obtained said letters in perfect good faith, and in her position estimated the value of the judgment' at more than she believed it could be sold for; that she never thought of the *20 bankruptcy proceedings in connection with said judgment, or supposed it was affected by them, and if those proceedings affect her title as executrix she is not and never was aware of it. She did not mention said bankruptcy proceedings to her counsel, nor did it occur to her to do so. She left the proceedings to revive entirely to her attorney, and had' no knowledge of Brown’s whereabouts. She has for years employed agents and tried to get service of process on complainant personally for the purpose of keeping alive and realizing on said judgment, but he evaded service until after twelve years from the date of judgment, when a writ was served upon him in New York.
She denies that there are no assets of said estate in the District of Columbia.
She avers that before the return of the writs of scire facias diligent search was made for complainant by the marshal and he could not be found, and that the service was sufficient under the law, and the proceedings were regular. She admits that complainant’s motion to set aside the fiat was overruled, and avers that the certified transcript filed with the motion did not constitute a good defence to proceed. She admits she has endeavored to obtain a judgment in New York, based upon the judgment in this court, but denies that any of the proceedings are intended to harass complainant, but only to realize said judgment.
On September the eleventh, 1888, the death of Henry T. Godet was suggested. Issue was taken on the answer of Grace Wygant and proofs taken. July 16, 1890, petition of Henry Leeds to be made party as assignee in bankruptcy of Stephen T. Wygant, deceased, in place of Henry T. Godet, deceased, was filed, which was on October 7, 1890, granted with leave to answer. November 8, 1890, the answer of Henry Leeds to the bill as amended was filed. He admits the recovery of judgment on February 9, 1878, against Brown, bankruptcy of Wygant, appointment of Godet as assignee, and that all assets of Wygant passed to Godet by operation of law; that said estate had never been *21 settled, and that claims in excess of the value of the assets were proved. He also avers death of Godet, September 5, 1888, and his own appointment as assignee in Godet’s place, and that as such assignee he is entitled to said judgment, and asserts that as against him the complainant has no equity. He does not know whether Grace Wygant was aware of the bankruptcy proceedings or not, nor has he any knowledge as to her purpose in taking out letters, but he is advised that the effect of all her proceedings was to revive the judgment and to establish a title thereto in said Grace Wygant, for which she is accountable only to him as assignee. He has no knowledge of any wrong, irregularity or mistake in the proceedings to revive said judgment, and avers them to p have been legal and sufficient, and he is willing that the same should stand and be confirmed, expressly ratifying and confirming, so far as he had power, all that said executrix had done in the premises, he "being advised that she holds said judgment as trustee in his behalf. On November to, 1890, leave was granted Henry Leeds, assignee, to file a cross-bill, and in it he sets up the proceedings heretofore recited and all the doings •of complainant and executrix as set out, and avers that as assignee in bankruptcy of Wygant, he is entitled to hold and collect said judgment against said Brown, so revived in favor of Grace Wygant as executrix, and that she should be required to assign the same to him so that his title should appear of record, and he prays that said judgment may be decreed to be an asset of said bankrupt’s estate, .and of full force and vigor as against said complainant, and that said executrix may be required to convey and assign ■said judgment and all her apparent rights therein to him as assignee, so that he may have full benefit thereof, and for •other and further relief.
’ The only real ground of defence alleged by the complainant in the bill to the proceeding in scire facias which was instituted against him by Mrs. Wygant is, that she had no title and that by virtue of the bankruptcy of Stephen T. *22 Wygant the title to the judgment is in the assignee and that should this judgment be permitted to stand as revived by scire facias, and the executrix permitted to press it and compel the complainant to pay it, that he would be again liable to pay to the assignee of Stephen T. Wygant, deceased. He does not say that he has ever paid any part of the judgment, that any part of it has ever been released, or that there is any reason why this judgment should not be enforced, except the mere want of title on the part of Mrs. Wygant as executrix. Upon the suggestion and under the order of the court we have now before us in this equity proceeding all of the parties, and if it is within the power of the court to grant the prayer of the cross-bill filed by the defendant Leeds, there is no difficulty in the case. It may be well to say that a very different understanding of the facts in the case is derived from the testimony than that impressed upon us by reading the bill. We are relieved from supposing that Mrs. Wygant intended to commit a fraud at the time that she was appointed executrix and at the time that she directed the writ of scire facias to-issue. It would seem that she did so in good faith, and we think that this is so notwithstanding the testimony of Brown, who testified that after the inauguration of this suit he went to New York and had an interview with Mrs. Wygant in which she admitted that she had known of the bankruptcy -of her husband, but that she supposed that the bankruptcy proceedings had long been settled and disposed of and no longer had any force or validity, and that when she came to Washington for the purpose of procuring a revival of the judgment she did not have the bankruptcy proceedings in her mind at all. There is not any proof of the allegations in the bill, as they now stand, that Mrs. Wygant entertained a scheme, or concocted'a scheme which she endeavored to execute, to perpetrate a fraud under the jurisdiction of this court wrongfully obtained, on the complainant, and in assuming to herself title to the judgment which she knew at the time she did not possess. We think the *23 reverse is shown by the evidence and the answer of Mrs. Wygant. It is left then to be determined whether or not it is possible, the title to the judgment having passed to and being in the assignee in bankruptcy, that the 'proceeding in scire facias can be sustained by the confirmation or request of the assignee himself. This judgment was originally recovered in the name of Raymond, by whom it was assigned to Stephen T. Wygant. It is revived in the name of Raymond for the use of Mrs. Wygant as executrix. Raymond is still the nominal legal plaintiff, and it is so far regular to revive the judgment in his name.
On this hearing our attention has been called to a class of cases in which the courts have held quite uniformly, that where an assignee in bankruptcy permits his assignor to manage and conduct a case pending at the time of the assignment, the assignee is bound by whatever the bankrupt may do in the premises, and that being so, the defendant in such action may not object to the proceeding on the ground of want of authority on the part of the bankrupt to conduct the same. We held in the recent case of Crumbaugh vs. Otterback, 20 D. C., 434, that scire facias to revive a dormant judgment was a proceeding in the original action, though in another case we recently held that in respect to pleading defences to the writ it should be regarded as though a separate action. The opinions in these cases, we think, show that the decision in the one is not inconsistent with the other and that both are well sustained by reason and authority.
This case so far as the proceeding instituted in'the Circuit Court by the defendant to revive the judgment is concerned, falls within the rule laid down in Crumbaugh vs. Otterback, and we see no reason, the question of fraudulent intent having been eliminated and the assignee in bankruptcy having by his answer and cross-bill affirmed the proceeding, why a court of equity should not sustain the same for the benefit of the bankrupt estate. As the case is now presented to us the complainant is wholly without *24 equity in asking us to remove an obstacle to his pleading the statute of limitations in bar to a judgment confessedly just and which he does not claim has ever been paid. The complainant’s bill must, therefore, be dismissed. This leaves the case to be disposed of upon the cross-bill of Leeds, assignee in bankruptcy, the answers thereto and the testimony. There is nothing upon the record of the proceeding in scire facias that would justify us in regarding the judgment of fiat as void. Nor are we satisfied by the evidence that the complainant was at the time of the issuing of the writs of scire facias a bona fide resident of the District of Columbia. It is clear- that Mrs. Wygant as testatrix must be held to be invested with the beneficial interest in the judgment by the fiat of the Circuit Court as trustee for the assignee in bankruptcy, and that she should be ordered to assign this interest to him.

Decree accordingly.